18-1755-cv
In re: Accent Delight International Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

IN RE APPLICATION OF ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

_____

ACCENT DELIGHT INTERNATIONAL LTD.,
XITRANS FINANCE LTD.,

        *Petitioners-Appellees,*

v.                                                        18-1755-cv

SOTHEBY'S, INC.,

        *Respondent-Appellant,*

YVES BOUVIER, MEI INVEST LTD.,

        *Intervenors,*

WARREN ADELSON, ALEXANDER PARISH, ROBERT SIMON,

Respondents.[1]

_____

FOR RESPONDENT-APPELLANT:     MARCUS A. ASNER (Sara L. Shudofsky, Mitchell Russell Stern, *on the brief*) Arnold & Porter Kaye Scholer LLP, New York, NY

FOR PETITIONERS-APPELLEES:     DANIEL J. KORNSTEIN (O. Andrew F. Wilson, Zoe Salzman, Douglas E. Lieb, *on the brief*), Emery Celli Brinckerhoff & Abady LLP, New York, NY.

Appeal from an order entered on June 11, 2018, by the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Sotheby's, Inc. appeals from a June 11, 2018 order requiring it to produce documents under 28 U.S.C. § 1782 to aid in foreign proceedings concerning the sale of artworks that were allegedly fraudulently sold. Sotheby's argues that the district court erred by holding that § 1782 may be used to obtain documents located outside of the United States and abused its discretion by finding the Petitioners' discovery request satisfied the factors identified as relevant by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). A summary of the factual background of the case and the proceeding before the district court are included to explain our decision, but we otherwise assume the parties' familiarity with the facts and record of prior proceedings. For the reasons stated below, we affirm the district court's order.

## BACKGROUND

Petitioners-Appellees Accent Delight International Ltd. and Xitrans Finance Ltd. are British Virgin Islands companies owned by Cypriot family trusts created by Dmitry Rybolovlev, a resident of Monaco. From 2003 to 2014, Petitioners purchased 38 artworks from intervenors Yves Bouvier and MEI Invest Ltd., including paintings by Vincent Van Gogh, Leonardo da Vinci, and Amedeo Modigliani (the "Works"). Petitioners claim that

---

[1] The Clerk of the Court is directed to amend the official caption to conform to the above.

2

Respondent-Appellant Sotheby's helped facilitate the sale of twelve of the Works, consigned for auction two, and valued five others. Petitioners contend that Bouvier defrauded them by misrepresenting the price of the Works they purchased, and have pursued legal relief in several foreign tribunals.

In January 2015, Petitioners initiated a criminal proceeding in Monaco, in which they claimed Bouvier defrauded them. A few months later, Petitioners filed a civil action against Bouvier in Singapore, where Bouvier resides, making similar claims of fraud. Petitioners also joined a criminal proceeding initiated in Paris by Pablo Picasso's step-daughter against Bouvier concerning his role in selling paintings by Picasso.

To support these foreign proceedings, Petitioners filed a § 1782 application in the United States District Court for the Southern District of New York, seeking discovery from Sotheby's. Sotheby's and Petitioners reached an agreement as to the scope of discovery and presented their proposal to the district court. On May 31, 2016, the district court granted Petitioners' § 1782 application in part, permitting discovery of certain documents to be used in the Paris proceeding. Discovery under this first § 1782 application eventually extended to documents to be used in the Monaco proceeding. *In re Application of Accent Delight Int'l Ltd.*, 16-MC-125, 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016).

The documents obtained through their first § 1782 application led Petitioners to believe that Sotheby's participated in the fraudulent art sales. As a result, Petitioners filed a criminal complaint against Bouvier in Switzerland that claimed Sotheby's may have "collaborated" in Bouvier's fraud. App'x 1140. Petitioners later received permission from the district court to use documents produced pursuant to their first § 1782 application to bring claims against Sotheby's and Bouvier in Switzerland and to support the Petitioners' imminent suit against both parties in the United Kingdom.

In February 2018, Petitioners filed a second § 1782 application, which is the subject of this appeal, seeking discovery from Sotheby's and Bouvier for use against Bouvier in the Swiss and Monaco proceedings. Petitioners sought, among other things:

1. All Communications between any Sotheby's personnel and Bouvier concerning any of the Works.

2. All Documents, including Communications, concerning Bouvier and any of the Works.

3. All Documents concerning the value of any Work bought or sold in a transaction involving Sotheby's and Bouvier.

Sotheby's opposed Petitioners' new § 1782 application. Sotheby's argued that § 1782(a) cannot be used to discover documents located abroad and that Petitioners' request did not satisfy the *Intel* factors.

3

The district court partially granted Petitioners' application, limiting the scope of the discovery sought. It held that § 1782(a) permits discovery of documents located abroad. Focusing on the Monaco proceeding, the court further held that all four of the *Intel* factors favored appropriately limited discovery because: (1) "the party from which Petitioners seek discovery is not a participant in the . . . criminal proceedings" in Monaco, and "whether Petitioners view Sotheby's as a potential adversary" in other proceedings "plays no role" in the analysis under the first *Intel* factor; (2) there is no proof that the foreign tribunal would reject the discovery produced under § 1782; (3) there is no evidence that the Monaco forum has rules "akin to privileges that *prohibit* the acquisition or use" of the materials Petitioners seek; and (4) the document requests are not unduly intrusive or burdensome, so long as the Petitioners limit their discovery requests to "Works involved in the fourteen transactions between Sotheby's and Bouvier, and the relationship between Sotheby's . . . and Bouvier."

Sotheby's timely appealed.

## DISCUSSION

We review the legal interpretation of 28 U.S.C. § 1782 *de novo*, and, if necessary, review the district court's ultimate decision to grant discovery for abuse of discretion. *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002). Sotheby's presents two questions on appeal: (1) whether § 1782 may be used to obtain documents located abroad; and (2) whether the district court abused its discretion by holding that the Petitioners' discovery requests under § 1782 satisfied the *Intel* factors.

We recently decided the first question in *In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019), where we held that § 1782 does have extraterritorial reach. *Id.* at 533. Thus, we need decide only whether the district court abused its discretion in applying the *Intel* factors.

Section § 1782(a) empowers "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." Whether to grant discovery under § 1782, where the statutory elements are met, is a matter of discretion for the district court. In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court outlined four "non-exclusive" factors to guide district courts in applying § 1782(a). 542 U.S. at 264–65. The *Intel* factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding,' in which event 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;"

4

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the request is "unduly intrusive or burdensome."

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quoting *Intel Corp.*, 542 U.S. at 264–65).

Sotheby's contends that the district court erred in concluding that Petitioners' discovery request satisfied the first, third, and fourth *Intel* factors. We disagree.

As to the first factor, Sotheby's contends that the district court failed "to account for the fact that Sotheby's is both a current and contemplated adversary of Petitioners in foreign proceedings." Appellant Br. at 41. The district court rejected that argument, explaining that "whether Petitioners view Sotheby's as a potential adversary plays no role in the first *Intel* factor." Sp. App'x at 8 (internal quotation marks omitted). The first *Intel* factor requires only that a petitioner has sufficient need for § 1782 aid. If the target of the § 1782(a) application is a party to the foreign proceeding, that need is diminished. *Intel*, 542 U.S. at 264 (acknowledging that if "[a] foreign tribunal has jurisdiction over those appearing before it, [it] can itself order them to produce evidence"). The district court correctly found that Sotheby's is not a party to the Monaco proceeding for which the Petitioners seek discovery. It was thus within its discretion to find that Petitioners satisfied the first *Intel* factor.

Sotheby's next argues that the district court erred in applying the third *Intel* factor—which implicates whether the § 1782 application seeks to circumvent foreign discovery restrictions—because, as Petitioners readily admit, they cannot obtain the evidence they seek here in the foreign proceedings. But there is a difference between a § 1782(a) request that seeks documents that cannot be obtained in a foreign proceeding because the foreign jurisdiction does not provide a *mechanism* for such discovery, and one that seeks documents that cannot be obtained because the foreign jurisdiction *prohibits* the discovery of those documents. *See Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015). In the latter case, the § 1782(a) petitioner "attempt[s] to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Intel*, 542 U.S. at 265. But in the former case, "[t]hat a country does not enable broad discovery within a litigation does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means." *Mees*, 793 F.3d at 303 n.20 ("Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial

5

and non-party witnesses to provide information." (internal quotation marks and alteration omitted)). Sotheby's has not provided any showing that the policy or restrictions of any relevant foreign jurisdiction *prohibit* the discovery sought by Petitioners. Accordingly, the district court did not abuse its discretion by concluding that Petitioners' § 1782(a) application did not seek to circumvent a foreign jurisdiction's discovery restrictions.

Next, Sotheby's contends the district court erred by giving insufficient weight to the burden Petitioners' request would impose under the fourth *Intel* factor. It argues that "[t]he district court gave no consideration to Sotheby's prior production of core documents in connection with Petitioners' first § 1782 application" and failed to consider whether Petitioners' requests were disproportionate to their need. Appellant Br. at 50–53. However, the district court took care to limit the scope of Petitioners' discovery requests to avoid unnecessary production and noted that "to the extent that Sotheby's has concerns about the volume of material to be reviewed for responsiveness to Petitioners' subpoena, the parties can negotiate search terms that would ease Sotheby's burden." Sp. App'x at 9–12. The district court thus demonstrated its awareness of the burden associated with the scope of Petitioners' application and imposed conditions to mitigate that burden.

Finally, Sotheby's argues that "[t]he district court gave short shrift to Sotheby's confidentiality concerns" and obligations under European Union data privacy laws. Appellant Br. at 53, 56–58. The district court explained that Sotheby's had not, (and it still has not on appeal,) provided any reason to expect document production pursuant to Petitioners' § 1782 application would violate its confidentiality obligations or EU law. Nor has it provided any reason that its concerns could not be addressed through a protective order. Thus, the district court did not abuse its discretion by concluding that Petitioners' requests would not be unduly burdensome and that, if issues arose, they could be resolved through a protective order.

## CONCLUSION

We have reviewed Sotheby's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the district court's June 11, 2018 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6